# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JOSE E. LAZCON, DERRICK L. HARRIS, and RASHAWN T. BUMPUS,<br><br>Defendants. | Case No. 17-CR-167-JPS<br><br>**AMENDED TRIAL SCHEDULING ORDER** |

On October 3, 2017, this case was filed with the Court and was assigned to this branch for further proceedings. Defendant Derrick L. Harris filed a motion to continue the trial in this matter, previously scheduled for January 1, 2018, in order to obtain ballistics testing on the subject vehicle in this case. (Docket #56). The government does not oppose the request. *Id.* Magistrate Judge Nancy Joseph considered the motion in a recent decision and recommends that it be granted. (Docket #62 at 6–7). Additionally, the parties have conferred and have proposed a new trial date agreeable to both sides. (Docket #65). As a result, the Court will adopt Magistrate Joseph's recommendation, grant the motion to continue the trial date, and set a new trial schedule as detailed below.

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Nancy Joseph's recommendation as to Defendant Derrick L. Harris' motion to continue the trial in this case (Docket #62) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Defendant Derrick L. Harris' motion to continue the trial in this case (Docket #56) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** as follows:

The following proceedings in this case have been set and will be held before the Honorable J.P. Stadtmueller in the United States Courthouse, 517 East Wisconsin Avenue, Room 425, Milwaukee, Wisconsin 53202:

**FINAL PRETRIAL CONFERENCE:** Tuesday, March 13, 2018 at 8:30 AM

**JURY TRIAL:** Monday, March 19, 2018 at 8:30 AM

Counsel for the defendants are directed to notify their clients of the date and time of the above scheduled court proceedings. It is the responsibility of the assigned Assistant U.S. Attorney, in consultation with the defendants' attorneys, pretrial services, U.S. Marshals Service, state authorities, and/or the Bureau of Prisons, to ascertain the custodial status of the defendants and take all appropriate measures, including timely application for a writ of habeas corpus, to ensure the defendants' presence.

To ensure adequate preparation of the case for trial,

**IT IS FURTHER ORDERED** that counsel who will actually try the case for the government and the defendants confer in person, and thereafter prepare and file a single joint final pretrial report, the principal burden for the preparation and filing of which rests with counsel for the government. Consistent with the facts and law applicable to the case, the report must fully address each of the following:

1. A brief summary of the charge(s) against the defendants, bearing in mind that this summary will be read verbatim to potential jurors to inform them of the identity of the defendants and the nature of the charges.

2. The anticipated length of the trial.

3. Stipulations of fact between the parties.

4. The name(s), occupation, and city of residence of all potential witnesses who may be called by the prosecution and/or

defendants. Absent extraordinary circumstances and good cause shown, any witness not disclosed in the final pretrial report will not be permitted to testify at trial.

5. A narrative statement detailing the educational background, qualifications, and experience of each expert witness expected to be called to testify.

6. A complete list of all exhibits the parties expect will be offered in evidence or otherwise referenced during the trial. Absent extraordinary circumstances and good cause shown, any exhibit not disclosed in the final pretrial report will not be permitted to be used during the trial.

7. Any area of inquiry that the parties would like the Court to consider in questioning potential jurors on *voir dire*.

8. Proposed jury instructions—generally limited to the elements of the offense(s) or other subjects unique to the facts and/or law applicable to the case.

9. A proposed "Special Verdict" should the underlying facts, including sentencing considerations, so require.

In preparing the final pretrial report, counsel for the parties should be mindful of each of the following considerations:

1. This branch of the Court utilizes a single sequential numbering system for all exhibits. Therefore, counsel for the parties must jointly prepare a single exhibit list. This exhibit list should be prepared using the "Exhibit and Witness List" form (AO-187) found on this District's website on the "All Forms" page. The government's exhibits should be listed first, in numerical order, followed immediately by the defendants' exhibits, in numerical order, and thereafter followed by a listing of the parties' witnesses. The completed form should be e-mailed to the Court's proposed order mailbox at the time the pretrial report is electronically filed.

2. In designating an exhibit for trial, the designating party must have a good-faith basis to believe the exhibit will actually be necessary for use at trial.

3. All exhibits must be marked, numbered, and disclosed, either in paper or electronic format, to opposing counsel prior to the final

pretrial conference. Given that the parties must produce their exhibits to the Court in electronic format, the Court encourages the parties to utilize electronic transfer for their own exchange.

4. The parties' proposed jury instructions and the "Special Verdict" (if required), must be tailored to the facts and law applicable to the case, and edited and formatted as the parties would expect the instructions and verdict form to be read to the jury. *References to form book instructions by number without more is wholly unacceptable*. In the event counsel are unable to agree on a particular instruction or question in the verdict form, the report should so note and must include further submissions in the form of a short memorandum of law in support of or in opposition to the particular jury instruction(s) or question(s) in the "Special Verdict," and, if required, an offer of proof.

5. Counsel for the parties are free to file motions *in limine* at any time; however, in the Court's experience, issues attendant to such motions are best resolved informally between the parties without the necessity of court intervention. Therefore, any motion filed must be accompanied by a written statement that after personal consultation and sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also include the date(s) and time(s) of such conference(s) as well as the names of all participants.

The report must be electronically filed with the Court not later than **2:00 PM on Thursday, March 8, 2018**. In addition, a hard copy of the report bearing the original inked signatures of counsel who will actually try the case must be delivered to the Court's chambers, along with three (3) USB thumb drives, each containing a complete, consolidated set of the parties' exhibits, including all documents and a photograph of each physical exhibit. The documents on the thumb drives must be text-searchable. The signed pretrial report and thumb drives must be simultaneously delivered to the Court's chambers on **Thursday, March 8, 2018**.

Finally, should any defendant wish to resolve this case short of trial and remain eligible for acceptance of responsibility credit under applicable

United States Sentencing Guidelines, while at the same time obviating the necessity of the parties preparing and filing a Final Pretrial Report, counsel for the defendant must notify the Court of such intention, including the filing of a written plea agreement, not later than the close of business on **Tuesday, March 6, 2018**. Upon filing a plea agreement, counsel for the defendant remains obliged to contact the assigned Magistrate Judge to schedule a change of plea hearing which will be held no later than ten (10) days after the scheduled date and time of the Final Pretrial Conference.

Dated at Milwaukee, Wisconsin, this 13th day of December, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge